[Cite as *State v. McIntyre*, 2024-Ohio-1032.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

LEWIS LEROY MCINTYRE

    Appellant

C.A. No.    30804

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 09 03 0647

DECISION AND JOURNAL ENTRY

Dated: March 20, 2024

HENSAL, Presiding Judge.

{¶1}    Lewis Leroy McIntyre appeals the denial of his motion for renewal for leave to file motion for new trial by the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2}    In 2009, a jury found Mr. McIntrye guilty of one count of tampering with evidence, one count of petty theft, one count of tampering with records, and one count of obstructing justice after he improperly took files from the clerk's office of the Akron Municipal Court. Mr. McIntyre appealed, but this Court upheld his convictions. Mr. McIntyre also filed several post-conviction motions, including a motion for leave to file application for new trial in January 2010 and a motion for leave to file new trial in September 2011. On June 4, 2021, the trial court entered a ruling on Mr. McIntyre's various post-conviction motions, including his "Motion for Leave to File New

Trial Motion[,]" which it denied. Mr. McIntyre appealed the denial of his post-conviction motions, but he later voluntarily dismissed the appeal.

{¶3} In June 2023, Mr. McIntyre filed a motion for renewal for leave to file motion for new trial. The trial court denied his motion without explanation in a brief journal entry. Mr. McIntyre has appealed, assigning two errors, which we will address together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED APPELLANT OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHEN DENYING HIS MOTION FOR RENEWAL FOR LEAVE TO FILE MOTION NEW TRIAL PURSUANT TO CRIM.R. 33(B), AND RECENT RULING BY THE OHIO SUPREME COURT IN STATE V. BETHEL, 2022-OHIO-783, AND STATE V. HOWARD, 2022-OHIO-2159, WITH EVIDENTIARY HEARING REQUESTED/BRADY CLAIM. WHEREAS, BASED UPON THE PRIMA FACIE SHOWING OF BRADY CLAIM, CONTRARY TO WELL ESTABLISHED LAW, THUS, VIOLATED APPELLANT[']S FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

ASSIGNMENT OF ERROR II

THE AKRON POLICE DEPARTMENT INVESTIGATIVE PERSONNEL IN CONCERT WITH THE STATE'S ASSISTANT PROSECUTING ATTORNEY WITHHELD EXCULPATORY AND/OR IMPEACHMENT EVIDENCE OF A CD THAT WAS MADE FROM A VIDEO RECORDING THAT WAS SUPPRESSED BY THE STATE TO WHICH WAS IMPEACHING EVIDENCE OF THE STATE'S CASE AND STATE'S WITNESS LYNN SATOW, CLERK OF COURTS TO WHICH WAS A BRADY VIOLATION AGAINST APPELLANT THAT VIOLATED HIS FIFTH AND FOURTEENTH AMENDMENT'S [*SIC*] TO THE UNITED STATES CONSTITUTION.

{¶4} According to Mr. McIntyre, the State's key witness testified that he obtained files from the clerk's office by impersonating a probation officer, including displaying a gold or silver badge. Although he requested courthouse security footage from the date of the alleged crimes, the only video he received was of the seventh-floor hallway outside the clerk's office. After his conviction, however, there was a new police report filed that revealed that there was also security

footage of the metal detectors in the lobby. Mr. McIntyre alleges that the lobby security footage would show him emptying his pockets to pass through the metal detector and would show that he did not have a metal badge in a flip case on his person, as claimed by the key witness. He argues that the State's failure to disclose the additional security footage violated *Brady v. Maryland*, 373 U.S. 83 (1963).

{¶5} The doctrine of res judicata "bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial * * * or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. The doctrine also bars consideration of an argument "on a second appeal following remand" if it "could have been raised on an initial appeal[.]" *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143 (1995). "Res judicata applies to motions for a new trial * * * and petitions for postconviction relief." *State v. Hatton*, 169 Ohio St.3d 446, 2022-Ohio-3991, ¶ 22.

{¶6} In the motion for leave to file motion for new trial that Mr. McIntyre filed in January 2010, he raised the same issues as in his motion for renewal for leave to file motion for new trial. In the earlier motion, Mr. McIntyre alleged that there was a surveillance video of the first-floor security checkpoint area and that the footage of him passing through the metal detectors would reveal whether he had a metal badge on his person, as claimed by a clerk of courts employee.

{¶7} In his renewed motion for leave to file motion for new trial, Mr. McIntyre argued that a careful examination of the journal entry that denied his earlier motion would show that it did not actually resolve the merits of his argument. He noted that the trial court stated in that journal entry that his motion for leave to file a motion for new trial asked for a de novo sentencing hearing,

which was inaccurate. He, therefore, argued that the court could address the merits of his renewed motion.

{¶8} Mr. McIntyre had the opportunity to argue to this Court on appeal of the denial of his original motion for leave to file motion for new trial that the trial court had misread his motion and incorrectly failed to address the merits of his *Brady* claim. That issue as well as his *Brady* claim, therefore, are barred under the doctrine of res judicata.

{¶9} Mr. McIntyre also argues that his renewed motion should have been allowed to proceed under *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783. In *Bethel*, the Ohio Supreme Court explained that, when determining whether to grant leave to file a motion for new trial, the merits of the underlying motion for new trial are "not properly before the court." *Id*. at ¶ 41. The Supreme Court also held that Criminal Rule 33(B) does not contain a requirement that defendants file a motion for new trial within a reasonable time after discovering the evidence upon which their motion is based. *Id*. at ¶ 55. Although explaining that the lower court had incorrectly imposed a reasonable-time requirement, the Supreme Court nevertheless determined that the defendant was not entitled to a hearing on his motion for new trial because his *Brady* claim, which was the basis of his motion, was without merit. *Id*. at ¶ 59.

{¶10} The trial court did not explain its reason for denying Mr. McIntyre's motion for renewal for leave to file motion for new trial. The court could have determined that Mr. McIntyre did not establish "by clear and convincing proof that [he] was unavoidably prevented from filing" his renewed motion, considering he filed his prior motion for leave on the same basis in 2010 and the court had denied that motion over a year earlier. Crim.R. 33(B). Even if the trial court misapplied *Bethel* though, remanding this matter would be an "exercise in futility" because Mr.

McIntyre's *Brady* claim is barred under the doctrine of res judicata. *Bethel* at ¶ 59. Mr. McIntyre's first and second assignments of error are overruled.

### III.

{¶11} Mr. McIntyre's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

LEWIS LEROY MCINTYRE, pro se, Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.